UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*************************************
VINCENT LEO,                          *
Plaintiff                             *
                                      *    COMPLAINT
v.                                    *
                                      *    CIVIL ACTION NO. 09-11812
M/V NOR'EASTER,                       *
NORBULK SHIPPING UK LIMITED           *
  as managers of the M/V NOR'EASTER,  *
A & L CF JUNE (5) LIMITED,            *
  as owners of the M/V NOR'EASTER, and *
EXXONMOBIL CORP.                      *
  as charterers of the M/V NOR'EASTER *
Defendants.                           *
*************************************
```

## INTRODUCTION

1. This is an action for maritime personal injuries brought pursuant to the Longshore and Harbor Workers' Compensation Act which occurred on or about June 3, 2007 while the Plaintiff, VINCENT LEO, was working aboard the M/V NOR'EASTER ("vessel") which was owned, operated, chartered and/or controlled by the Defendants, NORBULK SHIPPING UK LIMITED, A & L CF JUNE (5) LIMITED, and EXXONMOBIL CORP.

2. The Plaintiff asserts a cause of action against each Defendant for personal injuries based upon negligence, all claims brought under the Admiralty jurisdiction of this Court.

## JURISDICTION AND VENUE

3. This is a maritime case being brought pursuant to 28 U.S.C. § 1331(1), the General Maritime Law and the Longshore and Harbor Workers' Compensation Act at 33 U.S.C. § 905(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

5. The Plaintiff, VINCENT LEO, is a resident of Saugus, Massachusetts.

6. The Defendant NORBULK SHIPPING UK LIMITED is a United Kingdom corporation that, at all relevant times, was doing business in the Commonwealth of Massachusetts and managed the M/V NOR'EASTER.

7. The Defendant A & L CF JUNE (5) LIMITED is a United Kingdom corporation that, at all relevant times, was doing business in the Commonwealth of Massachusetts and owned, operated, and/or chartered the M/V NOR'EASTER.

8. The Defendant EXXONMOBIL CORPORATION is a New Jersey corporation that, at all relevant times, was doing business in the Commonwealth of Massachusetts and operated and/or chartered the M/V NOR'EASTER.

## FACTUAL ALLEGATIONS

9. On June 3, 2007, the Plaintiff, VINCENT LEO, was landing the M/V NOR'EASTER as a ship line handler.

10. At the time of the incident, while the vessel was in navigable waters and the Plaintiff was in the exercise of due care, he sustained serious personal injuries due to the negligence of the Defendants, their agents, servants, and/or employees.

11. The Defendant NORBULK SHIPPING UK LIMITED was, at all relevant times, the manager of the vessel on which the Plaintiff was working at the time he suffered his injuries.

12. The Defendant A & L CF JUNE (5) LIMITED was, at all relevant times, the owner, operator, and/or charterer of the vessel on which the Plaintiff was working at the time he suffered his injuries.

13. The Defendant EXXONMOBIL CORP. was, at all relevant times, the charterer and/or operator of the vessel on which the Plaintiff was working at the time he suffered his injuries.

14. At all relevant times the M/V NOR'EASTER was a "vessel" within the meaning of 1 U.S.C. § 3.

15. On or about June 3, 2007, the Plaintiff, VINCENT LEO, was attempting to secure the M/V NOR'EASTER to the dock and was caused serious, permanent, and disabling injuries by negligence attributable to the Defendants, in the following respects:

a. Failure to exercise reasonable care under the circumstances for the safety of the Plaintiff;

b. Failure of the Captain, officers, crew, and/or agents of the Defendants to properly supervise the securing of the M/V NOR'EASTER and to ensure that the M/V NOR'EASTER was properly placed and equipped to be secured to the dock;

c. Such other negligence as discovery may reveal.

## COUNT I

### VINCENT LEO v. NORBULK SHIPPING UK LIMITED
(Longshore Harbor Workers' Compensation Act at 33 U.S.C. § 905(b) – Negligence)

16. Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. The injuries sustained by the Plaintiff, VINCENT LEO, were due to no fault of his own but were caused by the negligence of this Defendant.

18. A job hazard analysis and risk assessment were both reasonably required in advance of docking the vessel.

19. The Defendant failed to properly analyze and assess the risk inherent in securing the vessel to the dock.

20. The Defendant failed to conform to applicable treaties, statutes, regulations, standards, rules, and their own internal policies regarding the safe securing of the vessel to the dock.

21. The Defendant's negligence exposed the plaintiff, VINCENT LEO, to an unreasonable risk of harm.

22. The negligent acts of the Defendant were the proximate cause of the Plaintiff's injuries.

23. As a result of the Defendant's negligence, the Plaintiff, VINCENT LEO, has suffered painful and disabling injuries resulting in the need for extensive past, present, and future medical treatment; permanent disability; and loss of enjoyment of life – all of which the Plaintiff, VINCENT LEO, is entitled to recover from the Defendants.

24. This suit is brought for Negligence under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b).

### REQUEST FOR RELIEF

a. That this Court, under Count I, enter judgment in favor of the Plaintiff, VINCENT LEO, against the Defendant.

b. For such other relief as this Court deems appropriate.

### COUNT II

### VINCENT LEO v. A & L CF JUNE (5) LIMITED
(Longshore and Harbor Workers' Compensation Act at 33 U.S.C. § 905(b) – Negligence)

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. The injuries sustained by the Plaintiff, VINCENT LEO, were due to no fault of his own but were caused by the negligence of this Defendant.

27. A job hazard analysis and risk assessment were both reasonably required in advance of docking the vessel.

28. The Defendant failed to properly analyze and assess the risk inherent in securing the vessel to the dock.

29. The Defendant failed to conform to applicable treaties, statutes, regulations, standards, rules, and their own internal policies regarding the safe securing of the vessel to the dock.

30. The Defendant's negligence exposed the plaintiff, VINCENT LEO, to an unreasonable risk of harm.

31. The negligent acts of the Defendant were the proximate cause of the Plaintiff's injuries.

32. As a result of the Defendant's negligence, the Plaintiff, VINCENT LEO, has suffered painful and disabling injuries resulting in the need for extensive past, present, and future medical treatment; permanent disability; and loss of enjoyment of life – all of which the Plaintiff, VINCENT LEO, is entitled to recover from the Defendants.

33. This suit is brought for Negligence under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b).

## REQUEST FOR RELIEF

a. That this Court, under Count I, enter judgment in favor of the Plaintiff, VINCENT LEO, against the Defendant.

b. For such other relief as this Court deems appropriate.

## COUNT III

### VINCENT LEO v. EXXONMOBIL CORP.
(Longshore and Harbor Workers' Compensation Act at 33 U.S.C. § 905(b) – Negligence)

34. Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35. The injuries sustained by the Plaintiff, VINCENT LEO, were due to no fault of his own but were caused by the negligence of this Defendant.

36. A job hazard analysis and risk assessment were both reasonably required in advance of docking the vessel.

37. The Defendant failed to properly analyze and assess the risk inherent in securing the vessel to the dock.

38. The Defendant failed to conform to applicable treaties, statutes, regulations, standards, rules, and their own internal policies regarding the safe securing of the vessel to the dock.

39. The Defendant's negligence exposed the plaintiff, VINCENT LEO, to an unreasonable risk of harm.

40. The negligent acts of the Defendant were the proximate cause of the Plaintiff's injuries.

41. As a result of the Defendant's negligence, the Plaintiff, VINCENT LEO, has suffered painful and disabling injuries resulting in the need for extensive past, present, and future medical treatment; permanent disability; and loss of enjoyment of life – all of which the Plaintiff, VINCENT LEO, is entitled to recover from the Defendants.

42. This suit is brought for Negligence under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b).

## REQUEST FOR RELIEF

a. That this Court, under Count I, enter judgment in favor of the Plaintiff, VINCENT LEO, against the Defendant.

b. For such other relief as this Court deems appropriate.

Respectfully submitted,
VINCENT LEO
By his attorney,

/s/ Brian Keane
BRIAN KEANE
THE KAPLAN/BOND GROUP
88 Black Falcon Ave., Suite 301
Boston, MA 02210
(617) 261-0800
BBO# 656717

Dated: October 26, 2009

> I hereby certify that a true copy of the above document was served upon each attorney of record by ECF on October 26, 2009
>
> /s/ Brian Keane